IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                                             ) | CRIMINAL ACTION 16-00171-KD |
| ) | |
| KRISTOPHER HADLEY BASS        ) | |

**ORDER**

This matter is before the Court on the Defendant's Motion to Suppress (Doc. 11). The Court held a hearing on November 4, 2016. Upon consideration of the evidence presented and for the reasons more specifically set forth on the record (which includes findings of facts and conclusions of law), defendant's motion to suppress is **DENIED** except as follows:

After the K-9 dog alerted to contraband in the trailer, the defendant was asked whether he wanted to tell the officers anything. Defendant responded that there was a marijuana pen in the truck. When this statement was made the defendant was not free to leave the scene, therefore he was in custody for purposes of questioning. Because the defendant was not advised of his Miranda rights before questioned, his response to this question is suppressed.

Also, the court ruled from the bench that there did not appear to be exigent circumstances once the vehicle was moved to the police station to allow for a warrantless search. The court then relied on inevitable discovery of the contraband and denied the motion to suppress the discovery of the marijuana in the trailer. The court was incorrect. In *Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970)*, the Court held that when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been

impounded and is in police custody.

      **DONE and ORDERED** this 7th day of November, 2016.

                                          **s/ Kristi K. DuBose**
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**